United States District Court
Southern District of Texas
FILED

OCT 1 4 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas

**ENTERED**

October 15, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DANA LYNN MANES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:16-MC-824 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Dana Lynn Manes, a state prisoner proceeding pro se, attempted to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Docket No. 1.) At the time she filed her petition, Petitioner neither paid the $5 filing fee required to proceed with this action, nor did she file an application to proceed without paying fees or costs. Despite two orders directing her to correct this deficiency by either paying the minimal filing fee or submitting a properly supported application to proceed in forma pauperis, she did neither. (Docket Nos. 2, 5.) She did not respond to the second order and has taken no further action in this case. In addition, a third order sent to Petitioner was returned as undeliverable, suggesting she has not kept the Court updated as to her current address. Given these circumstances, the undersigned recommends that the petition be dismissed for failure to prosecute.

## I. BACKGROUND

In seeking federal habeas relief, Petitioner did not challenge her conviction or sentence, but rather her claims address a decision by the Texas Board of Pardons and Paroles to deny her release to discretionary mandatory supervision and/or parole. Because Petitioner neither paid the $5.00 filing fee nor applied to proceed without paying fees or costs, the undersigned entered an

order alerting Petitioner to the deficiency. (Docket No. 2.) Petitioner responded by stating that she requested that "the $5.00 filing fee [be] taken off [her] books." (Docket No. 1-1, at 1; Docket No. 3.) Although she suggested that the fee had been paid, the District Clerk never received Petitioner's $5.00 filing fee. Petitioner was again alerted to this deficiency and directed to either pay the filing fee or "file an application to proceed in forma pauperis" within thirty (30) days. (Docket No. 5.) Petitioner failed to respond to the order, and she has taken no further action in this case.

Petitioner was also informed that she must "keep the Clerk advised in writing of her current address and promptly file a change of address when necessary." (Docket No. 2, at 2; Docket No. 5, at 2.) She was warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (Docket No. 2, at 2 (emphasis in original); Docket No. 5, at 2.) Despite this, the last order sent to Plaintiff was returned as "not deliverable," suggesting that Petitioner did not keep the Clerk informed of her current address. (Docket Nos. 6, 7.)

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 habeas corpus action in federal court.   28 U.S.C. § 1914(a).  A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

This habeas corpus action should be dismissed for failure to prosecute because Petitioner failed to pay the filing fee, failed to request to proceed in forma pauperis, and failed to comply with a court order.  *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee).  It appears that no lesser sanction is available since Petitioner failed to provide an updated address and has taken no further action in this case.[1]  *See Hulsey*, 929 F.2d at 171; *Martin*, 405 F. App'x at 860.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) be DENIED and that this

---

[1] A copy of this Report will be sent to Petitioner at the address she provided.  Should Petitioner respond to the Report by complying with the prior order (Docket No. 6), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

miscellaneous action be DISMISSED for failure to prosecute.  It is further recommended that Petitioner be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding).  An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

4

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's miscellaneous action should be dismissed based on failure to prosecute.  Accordingly, Petitioner is not entitled to a COA.

**NOTICE**

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 14, 2020.

Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE